**NOT FOR PUBLICATION**

FILED

JAN 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: LISA KAYE GOLDEN,<br><br>Debtor,<br>_____<br><br>JEFFREY ROGERS,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>LISA KAYE GOLDEN, Debtor;<br>RICHARD KIPPERMAN,<br><br>Defendants-Appellees. | No. 21-55441<br><br>D.C. No.<br>3:20-cv-00102-TWR-NLS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Submitted January 11, 2022[**]
Pasadena, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BLOCK,[***] District

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge.

Debtor Lisa Kaye Golden (Golden) filed a Chapter 7 bankruptcy petition, and asserted an interest in residential properties located at 5154 Mariner Drive, 5146 Mariner Drive, 1872 Crystal Bluff Court, and 1704 Emerald Cliff Point in San Diego, California. Jeffrey Rogers (Rogers) initiated an adversary proceeding, and sought, *inter alia*, an accounting of assets due to Golden's purported breach of their partnership agreements. Rogers appeals the bankruptcy court's denial of his adversary claims, and its determination that Rogers and Golden were entitled to an equal division of proceeds from the sale of the properties.

The Trustee of the bankruptcy estate contends that Rogers' appeal is moot because the properties have been sold.[1] We disagree. Rogers has limited his appeal to the bankruptcy court's decision that proceeds from the sale of the properties are to be divided equally. The bankruptcy court would not be impeded from fashioning relief with respect to the division of proceeds from the sale of these properties. *See Hornwood v. Sylmar Plaza, L.P.* (*In re Sylmar Plaza, L.P.*),

***       The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

[1] Rogers concedes that the property located at 5154 Mariner is not at issue in this appeal. In any event, the property is not part of the bankruptcy estate and is in receivership pursuant to a state court order. As a result, we do not address any issues related to this property.

314 F.3d 1070, 1074 (9th Cir. 2002) (holding that appeal was not equitably moot because the "claim [was] only for monetary damages against solvent debtors, [and was] not a case in which it would be impossible to fashion effective relief. Nor has there been such a comprehensive change in circumstances as to render it inequitable for the court to consider the merits of the appeal.") (citations omitted).

Contrary to Rogers' assertions, the bankruptcy court did not improperly deviate from the pretrial order or conduct a flawed accounting of partnership assets. The pretrial order alerted Rogers that the bankruptcy court would conduct an accounting of assets, and that Golden disputed Rogers' accounting, in part because Rogers "took $200,000 in mortgage deductions to her detriment." Rogers' contentions elide the findings of the bankruptcy court that acquisition of the properties did not involve a typical partnership because Rogers "received all of the deductions . . . by essentially misrepresenting the ownership of the properties." The bankruptcy court further emphasized that "both parties suffered from inaccuracies in their testimony."

Rogers does not persuasively dispute the bankruptcy court's findings, which were consistent with the pretrial order and amply supported the bankruptcy court's equal division of the partnership assets. *See First Card v. Hunt* (*In re Hunt*), 238 F.3d 1098, 1101-02 (9th Cir. 2001) (explaining that "a pretrial order will be

liberally construed to permit consideration of any issues that are embraced within its language") (citation omitted); *see also Decker v. Tramiel* (*In re JTS Corp.*), 617 F.3d 1102, 1109 (9th Cir. 2010) (articulating that "[w]e must accept the bankruptcy court's findings of fact, unless the court is left with the definite and firm conviction that a mistake has been committed") (citation and internal quotation marks omitted).

Rogers further asserts that the bankruptcy court was required to appoint an "outside expert" to perform "a proper accounting." Prior to trial, the bankruptcy court agreed to appoint an independent expert, but Rogers chose to retain an accountant to support his claims. Ultimately, the bankruptcy court determined that the opinion of Rogers' accountant was unreliable because he did not "consider the entire scope of the partnership," his opinion "was not based on a review of any source documents," and he "relied on . . . Rogers who was not credible." Rogers fails to demonstrate that the bankruptcy court was compelled to appoint an independent expert as a result of the flawed opinion relied on by Rogers. *See* Fed. R. Evid. 706(a) ("The court may appoint any expert that the parties agree on and any of its own choosing. . . ."); Fed. R. Bankr. Proc. 9017 (making the Federal Rules of Evidence applicable in bankruptcy proceedings); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.7 (9th Cir. 2002) ("While the

4

court has discretion to appoint an expert under Federal Rule of Evidence 706, [Rogers has] not shown how [the bankruptcy court's] decision not to do so was an abuse of discretion").

**AFFIRMED.**